UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60206-CR-LEIBOWITZ/AUGUSTIN-BIRCH

26 U.S.C. § 7212(a)

FILED BY ____AT____ D.C.
Oct 21, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

UNITED STATES OF AMERICA

v.

SUMAN JANA,

Defendant.
_____/

## INFORMATION

### General Allegations

At times relevant to this Information:

1. **SUMAN JANA**, the defendant, was a resident of Strongsville, Ohio.

2. Michael Meyer was an attorney who resided within Broward County, Florida within the Southern District Florida and operated a law office from his residence. Meyer represented to **JANA** that he was a Certified Public Accountant and an attorney.

3. Rao Garuda was the President and Chief Executive Officer of Associated Concepts Agency, Inc. ("ACA"), a financial planning firm located in Cuyahoga County, Ohio.

4. Cullen Fischel was the Director of Business Development at ACA.

5. Indiana Endowment Fund ("IEF") was a non-profit entity established and controlled by Meyer.

6. In or about March and April 2013, Meyer and Garuda promoted to **JANA** an illegal charitable contribution transaction ("Transaction"), called the Ultimate Tax Plan, as a way for **JANA** and his wife to obtain a charitable contribution tax deduction for tax year 2012.

1

7. According to Meyer and Garuda, the basic steps of the Transaction involved, among other things, the use of a Limited Liability Company ("LLC") created by Meyer at the end of 2012 for an unknown future participant to use to execute the Transaction at a later date; the transfer of assets by **JANA** and his wife to the LLC; the issuance of ownership units by the LLC to **JANA** and his wife; the assignment of 100% ownership units in the LLC by **JANA** and his wife to IEF; and a charitable contribution tax deduction for **JANA** and his wife to claim in exchange for the transfer of ownership units.

8. **JANA** and his wife executed the Transaction four times and claimed charitable deductions for tax years 2012, 2013, 2014, and 2015 in the following amounts:

| TAX YEAR | DEDUCTION AMOUNT |
|---|---|
| 2012 | $252,000 |
| 2013 | $156,600 |
| 2014 | $195,750 |
| 2015 | $160,000 |
| **TOTAL** | $764,350 |

9. On or about January 5, 2017, at the direction and with the approval of Meyer and Garuda, Fischel sent an e-mail to **JANA** and his wife relaying an offer from Meyer to have **JANA** and his wife purchase back their interest in the LLC from the IEF for $10,000.

10. On or about February 16, 2017, **JANA** sent an e-mail to Fischel, with a copy to Meyer and Garuda, that attached a signed Settlement Agreement and Mutual Release in which **JANA** and his wife agreed to purchase back their interest in their LLC from IEF for $10,000.

11. On or about April 3, 2018, the United States filed a Complaint for Permanent Injunction and Other Relief against Meyer in the United States District Court for the Southern District of Florida (the "Injunction Suit") seeking to enjoin Meyer from, among other things, promoting and organizing an illegal charitable contribution scheme that claimed clients could

obtain charitable contribution deductions on their tax returns but retain control and use over the assets donated.

12. On or about May 24, 2018, the United States served **JANA** with a civil subpoena from the Southern District of Florida in the Injunction Suit, requesting that **JANA** produce certain records in connection with the Transaction.

13. On or about May 28, 2018, Meyer had a telephone conference with **JANA** regarding the civil subpoena.

14. On or about May 31, 2018, **JANA** sent an e-mail to Fischel, copying Meyer and Garuda, explaining his steps to pay off the promissory notes owed to the LLC.

15. On or about June 12, 2018, at the direction of Meyer, **JANA** sent $25,000 to IEF to give the appearance that **JANA**'s LLC was established to make donations. According to Meyer, a $25,000 donation would "be a positive fact in [**JANA**'s] case." Up until that point, neither **JANA** nor his wife made any donations to charity from their LLC despite executing the Transaction from 2012 through 2015 and claiming over $764,350 of charitable contribution tax deductions.

16. In or about June 2018, Meyer prepared and caused to be prepared backdated promissory notes, a backdated attorney engagement agreement, backdated written acknowledgments, and backdated issuance and assignment documents for **JANA** and his wife.

17. On or about June 14, 2018, **JANA** visited ACA to obtain documents related to the subpoena response. In an effort to document the personal expenditures from the LLC as loans, **JANA** signed backdated promissory notes that were created to make it look as if **JANA** signed the promissory notes at the time that they paid personal expenses out of their LLC. **JANA** also signed

backdated issuance documents and assignment documents for the 2013, 2014, and 2015 tax deductions that were not previously signed and that were backdated to each respective year.

18. On or about June 27, 2018, **JANA** mailed documents to the United States in response to the civil subpoena, including the backdated promissory notes, backdated issuance and assignment documents, an attorney engagement agreement backdated to 2012, and other false documents.

## COUNT 1

19. The allegations contained in paragraphs 1 through 188 of this Information are re-alleged and incorporated herein as if fully set forth herein.

20. Beginning in or around May 2018 and continuing through at least in or around June 2018, in the Southern District of Florida and elsewhere, the defendant,

**SUMAN JANA,**

knowing of and reasonably foreseeing the Injunction Suit against Meyer described in Paragraphs 11 and 12, did corruptly obstruct and impede, and corruptly endeavor to obstruct and impede, the due administration of the internal revenue laws; that is, the Injunction Suit, by committing and causing to be committed various acts, each such act having a nexus to the Injunction Suit, including but not limited to the following:

   a. signing backdated and otherwise false documents relating to the Transaction, including, but not limited to, promissory notes, issuance documents and assignment documents; and

   b. submitting to the United States in response to the civil subpoena backdated documents, including backdated promissory notes, backdated issuance and assignment documents,

4

a backdated attorney engagement agreement, and backdated written acknowledgements.

All in violation of Title 26, United States Code, Section 7212(a).

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

Dated: 10/18/24

MICHAEL BOTELER
Assistant Chief
ANDREW P. ASCENCIO
Trial Attorney
U.S. Department of Justice, Tax Division

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 24-60206-CR-LEIBOWITZ-AUGUSTIN-BIRCH

v.

Suman Jana
_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☒ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take 1 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    ☒ 0 to 5 days
   II   ☐ 6 to 10 days
   III  ☐ 11 to 20 days
   IV   ☐ 21 to 60 days
   V    ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Rodolfo A. Ruiz II   Case No. 22-CR-60255
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
Andrew Ascencio
DOJ Trial Attorney
SDFL Court ID No.    A5502950

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: SUMAN JANA

**Case No**: _____

Count #: 1

26 U.S.C. § 7212(a) – Obstruct and Impede the Due Administration of the IRS

* **Max. Term of Imprisonment:** Three years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** One year
* **Max. Fine:** $250,000

Count #:

* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:**
* **Max. Fine:**

Count #:

* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:**
* **Max. Fine:**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No.  24-60206-CR-LEIBOWITZ/PAB |
| SUMAN JANA | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*